UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Petitioner,<br><br>    v.<br><br>ROBERT D. GARNACHE,<br><br>        Respondent. | CASE NO.  C05-0830RSM<br><br>ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PETITIONER'S PETITION TO ENFORCE IRS SUMMONSES |

## I.  INTRODUCTION

This matter comes before the Court on respondent's Objections and Motion for Summary Judgment (Dkt. #10), and petitioner's Petition to Enforce Internal Revenue Service Summonses.  (Dkt. #1).  Respondent essentially argues that this Court lacks personal jurisdiction to enforce the IRS summonses, and challenges the sufficiency of such summonses and the tax-related allegations against him.  Petitioner answers that it has met the standard for enforcing the summonses, and that respondent's factual arguments are meritless.  (Dkt. #13).  For the reasons set forth below, the Court agrees with petitioner, DENIES respondent's motion for summary judgment, and GRANTS the petition to enforce the IRS summonses.

## II.  DISCUSSION.

### A.  Background

Respondent, Robert D. Garnache, is a resident of Washington State, currently residing at 19519 Meridian Avenue North, Seattle, WA, 98133-3720.  While respondent acknowledges that he resides at that address, and that he is a resident of the State of Washington, he apparently also claims that his residence is not within the jurisdiction of this Court, and that he is not a resident of the United States as defined in 28 U.S.C. § 1332(c)(1).

The IRS, through Revenue Officer Eric Edwards, is currently conducting an investigation into the assets and liabilities of respondent for the collection of his unpaid income tax liabilities for the years 1997, 1998, 1999, 2000, 2001, 2002 and 2003.  (Dkt. #1, Ex. 1).  Officer Edwards is also conducting an investigation into the unpaid and unfiled Form 1040 income tax returns of respondent for the years 1999, 2002 and 2003.  (Dkt. #1, Ex. 1).

As part of his investigation, on December 7, 2004, Officer Edwards issued two IRS summonses directing respondent to appear at the Jackson Federal Building in Seattle, WA, on December 28, 2004, to testify and produce the books, records and other documents demanded in the summonses.  (Dkt. #1, Exs. 2 and 3).  That same day, Officer Edwards served respondent with the summonses by leaving copies at respondent's last and usual place of abode.  (Dkt. #1, Exs. 4 and 5).  Respondent acknowledges that he received the summonses on December 7, 2004, at that residence.

On December 17, 2004, Officer Edwards received three notices from respondent.  The notices set forth various reasons as to why respondent was not required to respond to the summonses, including: (1) respondent will not sign a 1040 income tax return because that requires him to form a contract with the IRS, and perjure himself by stating that he is a resident of the District of Columbia or the United States, which he is not; (2) Officer Edwards has no authority to issue the summonses; and (3) the IRS has unlawfully attempted to levy his property.

ORDER
PAGE - 2

(Dkt. #1, Exs. 6, 7 and 8).

Officer Edwards responded to respondent's notices, explaining that his arguments had already been raised in, and rejected by, several courts, and again informing respondent of his obligation to appear at the Federal Building in Seattle on December 28, 2004.  (Dkt. #1, Ex. 9). Respondent then sent a notice of unlawful tax lien to Officer Edwards. (Dkt. #1, Ex. 10).  He failed to appear at the Federal Building on December 28th as directed.

On January 12, 2005, the IRS Associate Area Counsel's Office sent respondent a "last chance" letter, explaining that the investigation had been turned over to the office for enforcement proceedings.  (Dkt. #1, Ex. 11).  Respondent was also informed that he could appear at the Federal Building in Seattle on February 1, 2005, to answer the summonses, but that if he failed to do so, the IRS would assume that his failure to comply was willful, and enforcement proceedings would be commenced in the United States District Court for the Western District of Washington.

On January 17, 2005, respondent sent a letter in response, stating that he believed he had a proper legal basis for his refusal to obey the summonses, and that he is not a taxable person. (Dkt. #1, Ex. 12).  Respondent then failed to appear at the Federal Building on February 1st as directed.  Although the IRS Associate Area Counsel's Office sent respondent a letter detailing case law and statutory authority for the imposition of a federal income tax and the requirement to file a federal income tax return, respondent continues to refuse to comply with the summonses issued by Officer Edwards.

Accordingly, on April 4, 2005, petitioner filed the instant Petition to Enforce Internal Revenue Summonses.  (Dkt. #1).  On April 5, 2005, the Honorable Marsha J. Pechman, United States District Judge, signed an Order of Reference referring the case to the Honorable Mary Alice Theiler, United States Magistrate Judge, and Order to Show Cause.  Respondent filed his Objections and Motion for Summary Judgment on May 4, 2005.  (Dkt. #10).  The case was then

reassigned to the undersigned District Judge for resolution.

**B.  Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   The Court must draw all reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

**C.  IRS Subpoena Enforcement**

This Court follows a narrow scope of judicial inquiry in an administrative subpoena enforcement proceeding.  The U.S. Supreme Court has set forth three factors for such inquiry: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation.  *See Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 508-09 (1943); *see also*

*EEOC v. Karuk Tribe Housing Auth.*, 260 F.3d 1071, 1075-76 (9th Cir. 2001); *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983).  Petitioner asserts that all three of these factors have been satisfied in the instant case, and therefore this Court should issue an Order of Enforcement of Summonses.  For the reasons set forth below, the Court agrees.

First, Congress has granted the Secretary of the IRS the authority to investigate and issue summons in order to ascertain whether a return is correct, make a return where none has been made, determine the liability of any person for any Internal Revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any Internal Revenue tax, or to collect any such liability.  *See* 26 U.S.C. § 7602(a).  In addition, the Secretary of the IRS has the authority to examine books, papers, records, or other data which may be relevant to such inquiry, and may summon the person liable for the tax to appear before the Secretary to produce such relevant material or testify about such relevant material.  *See* 26 U.S.C. § 7602 (a)(1)-(a)(3).

While respondent argues that Officer Edwards had no authority to issue the summonses served upon him, his argument is without merit.  Pursuant to 26 U.S.C. § 7602, Officer Edwards was duly authorized as an IRS Revenue Officer to issue summonses requesting information he deemed relevant to his investigation of respondent.  Moreover, federal courts have consistently rejected respondent's argument that an IRS Officer is without authority to issue and serve a summons.  *See, e.g., United States v. Saunders*, 951 F.2d 1065, 1067 (9th Cir. 1991) (citing *Lonsdale v. U.S.*, 919 F.2d 1440 (10th Cir. 1990)); *Lonsdale*, 919 F.2d at 1448 (explaining that respondent's argument that the employees of the Internal Revenue Service have no power or authority to issue summons is completely without merit).   Thus, the Court finds that petitioner has met the first prong of *Endicott Johnson*, *supra*.

Second, the Court agrees with petitioner that the necessary procedural requirements

ORDER
PAGE - 5

were met.  Section 7603(a) mandates that an IRS summons be served either by hand to the person to whom it is directed, or by leaving a copy at that person's last and usual place of abode.  26 U.S.C. § 7603(a).  Officer Edwards left the summonses at respondent's last and usual place of abode, and respondent acknowledges that he received the summonses at that residence.  Thus, the Court finds that petitioner has met the second prong of *Endicott Johnson*, *supra*.

Third, the Court agrees with petitioner that the materials sought in the summonses is in the possession and control of respondent, and it is relevant to Officer Edwards' investigation.  As noted above, Officer Edwards is investigating the assets and liabilities of respondent for the collection of his unpaid income tax liabilities for the years 1997, 1998, 1999, 2000, 2001, 2002 and 2003.  (Dkt. #1, Ex. 1).  Officer Edwards is also conducting an investigation into the unpaid and unfiled Form 1040 income tax returns of respondent for the years 1999, 2002 and 2003.  (Dkt. #1, Ex. 1).  The summonses ask respondent to produce for examination the books, records, papers and other data relating to the tax periods for the same years, and that information is directly relevant and material to the investigation.

Respondent's arguments that petitioner has produced no evidence that he has unpaid income tax liabilities, that he has only received Federal Reserve Notes for his services and labor and Federal Reserve Notes are not lawful money, that there is no evidence that he has any "income," and that there is no evidence that he is engaged in any activities controlled by the Bureau of Alcohol, Tobacco and Firearms, (*see* Dkt. #10 at 2 and 4-7), are not relevant to this Court's inquiry into the legality of enforcement of the IRS summonses.  In *Karuk Tribe Housing Auth.*, *supra*, the Ninth Circuit Court of Appeals explained that "[t]he principal of *Endicott Johnson* – that courts should not refuse to enforce an administrative subpoena when confronted by a fact-based claim regarding coverage or compliance with the law – has been consistently reaffirmed by the Supreme Court."  *Karuk Tribe Housing Auth.*, 260 F.3d at 1076.  Thus, the Court also finds that petitioner has met prong three of *Endicott Johnson*, *supra*.

ORDER
PAGE - 6

Finally, respondent's argument that his residence is not within the jurisdiction of this Court, and that he is not a resident of the United States, must also be rejected. Any person summoned to appear by the IRS may be compelled to testify or produce the materials sought by the United States District Court in which that person resides or may be found. 26 U.S.C. § 7402. Respondent's residence in Seattle, WA, is within the Western District of Washington. 28 U.S.C. § 128(b). Washington State is a member of the United States of America, its residents are subject to the laws of the State, as well as the laws of the United States. Thus, this Court clearly has jurisdiction over respondent.

Accordingly, the Court finds that all three prongs of *Endicott Johnson* have been met, and the two IRS summonses at issue are enforceable. Respondent has presented no legal argument or genuine issue of material fact that warrants a grant of summary judgment in his favor.

### III. CONCLUSION

Having reviewed petitioner's Petition for Enforcement of IRS Summonses (Dkt. #1), respondent's Objections and Motion for Summary Judgment (kt. #10), petitioner's Reply (Dkt. #13), the declarations and exhibits in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Respondent's Motion for Summary Judgment (Dkt.#10) is DENIED;

(2) Petitioner's Petition for Enforcement of IRS Summonses (Dkt. #1) is GRANTED, and this case is now CLOSED.

(3) Respondent SHALL appear before Officer Edwards or any other proper agent, officer or employee of the Internal Revenue Service no later than twenty (20) business days from the date of this Order to testify and produce the materials sought in the summonses.

(4) If respondent fails to comply with this Order, he may be held in contempt of Court, and could be subjected to imprisonment, fine or both.

ORDER
PAGE - 7

1          (5)  The Clerk shall forward a copy of this Memorandum Order to respondent and all

2     counsel of record.

3

4          DATED this   17th   day of June, 2005.

5

6                                                          /s/ Ricardo S. Martinez
                                                          RICARDO S. MARTINEZ
7                                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 8